JS 44 (Rev. 12/12)

**CIVIL COVER SHEET**

5:16-cv-1993

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ecore International, Inc. | Paul Downey and Pliteq, Inc.  16  1993 |

| (b) County of Residence of First Listed Plaintiff   Lancaster | County of Residence of First Listed Defendant   Ontario, Canada |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Joseph Wolfson, Stevens & Lee, 620 Freedom Business Drive, King of Prussia, PA 19406; (610) 205-6019 and Elizabeth A. Ware, Stevens & Lee, 111 N. Sixth Street, Reading, PA, 19603; (610) 478-2210 | Kevin Dooley Kent and Andrew S. Gallinaro, Conrad O'Brien PC, 1500 Market Street, Suite 3900, Philadelphia, PA 19102 (215) 864-9600 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
35 U.S.C. § 271

Brief description of cause:
Patent infringement and conversion

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | *(See instructions):* | JUDGE R. Barcley Surrick | DOCKET NUMBER 11-CV-6843 |
|---|---|---|---|

DATE

SIGNATURE OF ATTORNEY OF RECORD

APR 26 2016

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE



**UNITED STATES DISTRICT COURT**

16   1993

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Ecore International, Inc., 715 Fountain Avenue, Lancaster, PA, 17601

Address of Defendant: 33 Craighurst Ave., Toronto, Ontario, Canada; 1370 Don Mills Road, Unit 300, Toronto, Ontario, Canada

Place of Accident, Incident or Transaction: Lancaster County, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: 11-CV-6843   Judge R. Barcley Surrick   Date Terminated: Pending

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☒  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☒ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Joseph Wolfson , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____     _____     44431
                           Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

APR 26 2016

DATE: _____     _____     _____
                           Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Ecore International, Inc.                    :                    CIVIL ACTION
                                             :
              v.                             :                    **16     1993**
Paul Downey and Pliteq, Inc.                 :
                                             :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                (X)

|  | Joseph E. Wolfson | Ecore International, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 205-6019 | (610) 988-0808 | JWO@stevenslee.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR 26 2016



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ECORE INTERNATIONAL, INC. | : | |
| Plaintiff | : | **16   1993** |
| | : | |
| v. | : | CIVIL ACTION NO: |
| | : | |
| PAUL DOWNEY and | : | JURY TRIAL DEMANDED |
| PLITEQ, INC. | : | |
| Defendants | : | |
| | : | |
| | : | |

*FILED*
*APR 2 6 2016*
*MICHAEL E. KUNZ, Clerk*
*By_____ Dep. Clerk*

### COMPLAINT

Plaintiff, Ecore International, Inc. ("Ecore"), by its undersigned counsel, hereby files its complaint against Defendants, Paul Downey ("Downey") and Pliteq, Inc. ("Pliteq") (collectively "Defendants") for conversion and patent infringement and in support thereof, asserts as follows:

### Parties

1. Plaintiff, Ecore, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Lancaster, Pennsylvania.

2. Prior to the change of its corporate name in 2008, Ecore operated under the name Dodge-Regupol, Inc. ("DRI"). To eliminate confusion, DRI will be referred to in this Complaint as Ecore.

3. Defendant, Downey, is an individual and resident of the Province of Ontario, Canada.

1

4. Defendant, Pliteq, is a corporation organized and existing under the laws of the Province of Ontario, Canada.

### Jurisdiction and Venue

5. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §§ 1331 and 1367 as the claims arise under the laws of the United States.

6. In the alternative, Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and is between citizens of a State and citizens or subjects of a foreign state.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claim asserted herein occurred in this District, and Defendants are subject to jurisdiction in this District.

8. This Court has personal jurisdiction over Downey because, among other things, Downey was a representative and agent of Ecore, a Pennsylvania business corporation with its principal place of business in Lancaster County, Pennsylvania, Downey traveled to Pennsylvania in furtherance of his obligations as a representative of Ecore, and Downey raised counterclaims in a related action, *Ecore International, Inc. v. Downey et al.*, Civ. A. No. 11-CV-6813, pending in the U.S. District Court for the Eastern District of Pennsylvania.

9. This Court has personal jurisdiction over Pliteq because, among other things, Pliteq's website, which advertises products, can be viewed in Pennsylvania, and Pliteq raised counterclaims in a related action, *Ecore International, Inc. v. Downey et al.*, Civ. A. No. 11-CV-6813, pending in the U.S. District Court for the Eastern District of Pennsylvania.

10. Accordingly, Downey and Pliteq have minimum contacts with Pennsylvania under the Fourteenth Amendment of the United States Constitution such that it would not offend

2

traditional notions of fundamental fairness to exercise personal jurisdiction over them in Pennsylvania.

<h3 align="center">Averments Common to all Counts</h3>

11.  Ecore is in the business of, among other things, the research, design, manufacture, supply, and installation of a variety of recycled rubber flooring products.  Ecore is among the most successful, well-known, and respected designers and suppliers of such products in its industry.  Among other things, Ecore and its employees have been accorded wide recognition and honors for its development of flooring products and has developed a well-earned reputation for excellence in the design, manufacture, and installation of such products.

12.  Among the products researched, developed, manufactured, and supplied by Ecore are flooring systems, and methods for installation of such systems, that utilize Impact Sound Insulation technology.

13.  Ecore filed a United States Patent Application for Impact Sound Insulation with the United States Patent and Trademark Office.

14.  The Impact Sound Insulation U.S. patent application was successfully prosecuted, and U.S. Patent No. 6,920,723 was issued to Ecore on July 26, 2005.

15.  In July, 2007, Ecore filed an application for the reissuance of the U.S. Patent.

16.  The Impact Sound Insulation U.S. patent reissuance was approved on or about November 23, 2010.  It was reissued as U.S. Patent No. RE41945 ("Reissue Patent").  Ecore owns all rights, title and interest in the Reissue Patent.

17.  Ecore also filed a Canadian Patent Application for Impact Sound Insulation with the Canadian Intellectual Property Office.

3

SL1 1412335v2 040475.00055

18.  The Impact Sound Insulation Canadian Patent Application was successfully prosecuted, and Canadian Patent No. 2,398,262 was issued to Ecore on September 28, 2010.

19.  U.S. Patent No. 6,920,723, U.S. Patent No. RE41945, and Canadian Patent No. 2,398,262 will be collectively referred to herein as the "Patents."

### Pliteq's Infringement of the Reissue Patent

20.  Pliteq manufacturers, uses, sells and offers for sale products that infringe one or more claims of the Reissue Patent, both literally and under the doctrine of equivalents, and directly and indirectly.

21.  For example, Pliteq manufactures, uses, sells and offers for sale GenieMat RST products.  Such products infringe one or more claims of the Reissue Patent.

22.  Without Ecore's authorization, Pliteq has been and still is making, using, selling, and offering for sale GenieMat RST products in knowing and willful infringement of the Reissue Patent.

### Downey Seeks and Obtains Patents for Intellectual Property Owned by Ecore

23.  On August 13, 2015, Defendants filed an Answer to the Amended Complaint and Counterclaims ("Defendants' Answer") in a related action, *Ecore International, Inc. v. Downey et al.*, Civ. A. No. 11-CV-6813, pending in the U.S. District Court for the Eastern District of Pennsylvania (the "Related Action")

24.  In Defendants' Answer in the Related Action, Defendants alleged that on July 24, 2012, Downey filed a patent application, Application No. 13/1556,731 (the "'731 Application").

4

25.  Defendants further alleged in their Answer in the Related Action that on October 14, 2013, the '731 Application issued as U.S. Patent No. 8,556,029 (the "'029 Patent") to Downey.

26.  Prior to the filing of Defendants' Answer in the Related Action, Ecore had no knowledge of the '029 Patent.

27.  Ecore is the rightful owner of the intellectual property underlying the '029 Patent.

28.  By seeking and obtaining the '029 Patent, Downey deprived and interfered with Ecore's property.

## Count I
## For Conversion Against Downey

29.  Ecore incorporates the averments of paragraphs 1 through 29, above, as if set forth herein.

30.  Ecore is the rightful owner of the intellectual property underlying the '029 Patent, including the original application from which the '029 patent descended.

31.  Downey wrongfully applied for and obtained the '029 Patent.

32.  By seeking and obtaining the '029 Patent, Downey deprived and interfered with Ecore's property.

33.  Downey sought and obtained the '029 Patent without the consent of Ecore.

34.  Downey lacked any legal justification for obtaining the '029 Patent.

35.  Ecore had no knowledge of the '029 Patent until Defendants filed their Answer to the Amended Complaint and Counterclaims on August 13, 2015.

5

WHEREFORE, Ecore requests that the Court award to Ecore its costs of suit, compensatory damages, to the extent calculable, punitive damages, and such other relief as this Court deems just and proper.

## Count II
## Patent Infringement of the Reissue Patent Against Pliteq

36. Ecore incorporates the averments of paragraphs 1 through 35, above, as if set forth herein.

37. Ecore owns the entire right, title and interest in the Reissue Patent.

38. Pliteq has infringed and continues to infringe, literally or under the doctrine of equivalents, the Reissue Patent by making, using, selling, and offering for sale within the United States and/or importing into the United States, products that are covered by one or more claims of the Reissue Patent. Such products include Pliteq's GenieMat RST products.

39. Pliteq has induced, and continues to induce, end users of the GenieMat RST products to directly infringe the Reissue Patent, in violation of 35 U.S.C. § 271(b). Pliteq actively induces the end users by, among other things, advertising and promoting on Pliteq's websites functionalities of the GenieMat RST products that are covered by one or more claims of the Reissue Patent.

40. Pliteq has contributed, and continues to contribute, to the direct infringement of the Reissue patent by end users in violation of 35 U.S.C. § 271(c). Pliteq sells and/or offers to sell within, and or/import into the United States, components or implementing components that are a material part of apparatuses, systems, and/or methods taught by the Reissue Patent, knowing that those components are especially made or adapted for use in infringement of the

6

Reissue Patent and are not a staple article or commodity or commerce suitable for substantial non-infringing use. Such components include the GenieMat RST products.

41. Pliteq's infringement of the Reissue Patent, made with knowledge of the Reissue Patent and the infringement thereof, has been and continues to be willful and deliberate. Pliteq's willful and deliberate infringement entitles Ecore to enhanced damages under 35 U.S.C. § 284 and an award of its attorney fees under 35 U.S.C. § 285.

42. Unless and until enjoined by the Court, Pliteq will continue to infringe the Reissue Patent. Pliteq's infringement is causing and will continue to cause Ecore irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, Ecore is entitled to a permanent injunction against further infringement.

WHEREFORE, Ecore requests that the Court enter a permanent injunction and award to Ecore its costs of suit, compensatory damages, to the extent calculable, punitive damages, and such other relief as this Court deems just and proper.

### Demand for Jury Trial

Ecore demands a jury trial on all issues so triable.

7

STEVENS & LEE, P.C.

Dated: April 26, 2016

By: _Joseph Wolfson_

Joseph E. Wolfson
Attorney ID No. 44431
620 Freedom Business Center
Suite 200
King of Prussia, PA  19405
jwo@stevenslee.com
Phone:  (610) 205-6019
Fax:     (610) 988-0808
jwo@stevenslee.com

Elizabeth A. Ware
Attorney ID No. 312046
111 N. Sixth Street
Reading, PA 19603
eaw@stevenslee.com
Phone:  (610) 478-2210
Fax: (610) 371-7912

*Attorneys for Plaintiff, Ecore International, Inc.*

8